WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Misha Patel Terrazas,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Wells Fargo Bank NA,<br><br>　　　　Defendant. | No. CV-17-04275-PHX-JAT<br><br>**ORDER** |

Pending before the Court is the parties' joint motion for a protective order (Doc. 15).

Global protective orders are not appropriate. *See AGA Shareholders, LLC v. CSK Auto, Inc.*, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007). Rule 26(c) requires a party seeking a protective order to show good cause for issuance of such an order. Fed. R. Civ. P. 26(c)(1). "For good cause to exist under Rule 26(c), 'the party seeking protection bears the **burden of showing specific prejudice or harm will result if no protective order is granted**.'" *AGA Shareholders*, 2007 WL 4225450, at *1 (emphasis added) (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The party seeking protection "**must make a 'particularized showing of good cause with respect to [each] individual document**.'" *Id.* (emphasis added) (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

Thus, "[t]he burden is on the party to requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within

the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)).

In this case, the parties seek to mark information as "confidential" that the parties deem to be, "confidential, proprietary, and/or commercially sensitive information." (Doc. 16-1 at 2). This description is far too generalized to qualify for protection under Rule 26. Moreover, the parties state, "The parties agree that, where it would not be cost effective to review every document for confidentiality issues, the parties may designate an entire group of documents as confidential, …." (Doc. 16-1 at 3). This practice is inconsistent with the law in this circuit which requires designations to be on a document by document (or line by line) basis. Therefore, the joint motion for protective order, as submitted, will be denied.

**IT IS ORDERED** that the joint motion for protective order (Docs. 15 and 16) is denied, without prejudice.

Dated this 30th day of January, 2018.

James A. Teilborg
Senior United States District Judge